CIRCUIT COURT OF WEST VIRGINIA
MONONGALIA COUNTY

CIVIL ACTION NO. 23-C-222

STEPHEN J. BALISE, M.D.,

    Plaintiff,

v.

BRITTANY JACKSON,

    Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Stephen J. Balise, M.D., and for his Complaint against the Defendant states as follows:

### Introduction

1. This lawsuit is filed on behalf of Plaintiff, who incurred damages after his employment contract with West Virginia University was wrongfully terminated based upon false information supplied by Defendant, after the Plaintiff's privileges at Ruby Memorial Hospital were terminated.

### Parties

2. Plaintiff, Stephen J. Balise, M.D., is a resident of Morgantown, West Virginia.

3. Defendant, Brittany Jackson, has a last and usual place of residency in Hudson, Florida.

### Jurisdiction

4. Plaintiff's claims are brought solely under West Virginia law and Plaintiff does not bring any claims under Federal laws, statutes, or regulations.

FILED

AUG 15 2023

DONNA HIDOCK, CLERK

102849916

EXHIBIT A

5. The damages sustained by Plaintiff are in excess of the minimum jurisdiction limits of this Court, to wit: more than $1,000,000.00, exclusive of interest, costs, and attorney fees.

## Count I

### Defendant, Brittany Jackson – Defamation, Libel and Slander

6. Plaintiff is a physician licensed to practice medicine in West Virginia. At all relevant times, Plaintiff was in his fifth and final year of his Surgical Residency at West Virginia University.

7. Defendant is a registered nurse. At all relevant times, Defendant was a registered nurse employed by Ruby Memorial Hospital.

8. Plaintiff and Defendant were engaged in a consensual romantic relationship for a period in 2022.

9. In or around March of 2022, the romantic relationship between Plaintiff and Defendant ended.

10. Shortly thereafter, Plaintiff began a romantic relationship with another person.

11. On or around the beginning of August 2022, Defendant contacted administrators at Ruby Memorial Hospital and made false statements to those administrators.

12. Defendant falsely alleged that Plaintiff is an alcoholic; that a previous medical condition during his residency was cause by alcohol abuse; that he had been treated for alcohol withdrawal with benzodiazepines; that other residents—namely Dr. Ballou and Dr. Regier—had to remove alcohol from his apartment on more than one occasion; that he made patient care decisions based on her assignments; and furthermore that he had even encouraged her to get tested for a sexually transmitted disease when she discovered his new relationship. These statements were defamatory in tending to injure Plaintiff in his profession and employment.

102849916

13. In her contacts with the administrators at Ruby Memorial Hospital, Defendant knowingly made the aforementioned false and defamatory statements about Plaintiff.

14. Defendant acted with knowledge of the falsity of the statements, with the intent to harm Plaintiff's position at Ruby Memorial Hospital, and an intent to damage Plaintiff's good name and reputation in the community, when publishing these false and defamatory statements about Plaintiff.

15. Defendant made the aforementioned false and defamatory statements about Plaintiff approximately two weeks after Plaintiff became engaged to his then-fiancé.

16. Approximately two weeks after Defendant made the aforementioned false and defamatory statements about Plaintiff, Defendant voluntarily terminated her employment at Ruby Memorial Hospital and moved to Florida.

17. In the alternative, Defendant negligently or recklessly made the aforementioned false and defamatory statements about Plaintiff. Defendant had a duty to avoid making false statements about Plaintiff, and to investigate and verify any statements about Plaintiff before restating or republishing those statements. Defendant breached these duties when she made the statements described above to administrators at Ruby Memorial Hospital.

18. Defendant published her false and defamatory statements to administrators at Ruby Memorial Hospital, who reasonably understood the statements to be defamatory.

19. On August 16, 2023, Plaintiff was informed of Defendant's false and defamatory statements by an administrator at Ruby Memorial Hospital.

20. As a result of the false and defamatory statements published by Defendant, the character and reputation of Plaintiff were harmed, his standing and reputation at Ruby Memorial Hospital and in the community were impaired, and he suffered mental anguish, personal

102849916

humiliation, loss of income, loss of wage earning capacity, attorney fees, and other related damages.

21. As a direct and proximate result of the false and defamatory statements published by Defendant, West Virginia University terminated Plaintiff after Ruby Memorial Hospital terminated Plaintiff's privileges. After Plaintiff spent substantial sums in obtaining legal counsel, West Virginia University and Ruby Memorial Hospital still took negative employment and professional action against Plaintiff and he thereby suffered a loss of income, and prospective income at both Ruby Memorial Hospital and future employers.

WHEREFORE, Plaintiff, Stephen J. Balise, M.D., demands judgment against Defendant, Brittany Jackson, in an amount that exceeds the jurisdictional limit, plus punitive damages, attorney fees, interest, and the costs of this suit.

## Count II

**Defendant, Brittany Jackson – Defamation Per Se, Libel and Slander**

22. Plaintiff adopts and incorporates by reference the statements above, and further states:

23. Making a false statement, oral or written, that impairs or hurts a person's trade or livelihood, that adversely affects a person's fitness for the proper conduct of his business, or that imputes to him some incapacity or lack of due qualification to fill his employment position, is defamation per se.

24. Plaintiff therefore may recover presumed and general damages, even absent a showing of actual damages.

WHEREFORE, Plaintiff, Stephen J. Balise, M.D., demands judgment against Defendant, Brittany Jackson, in an amount that exceeds the jurisdictional limit, plus punitive damages, attorney fees, interest, and the costs of this suit.

### Count III

### Defendant, Brittany Jackson – Defamation, Punitive Damages

25. Plaintiff adopts and incorporates by reference the statements above, and further states:

26. Defendant acted with actual malice an intent to do harm in making the above-described defamatory statements.

27. Defendant knew or should have known that the defamatory statements described above would harm Plaintiff and his reputation and good standing in the community.

28. Defendant intended to harm Plaintiff.

29. Defendant intended to damage the reputation and good name of Plaintiff, in his community, in his profession, with his peers, and with his employer.

30. Plaintiff is therefore entitled to recover punitive damages from Defendant.

WHEREFORE, Plaintiff, Stephen J. Balise, M.D., demands judgment against Defendant, Brittany Jackson, in an amount that exceeds the jurisdictional limit, plus punitive damages, attorney fees, interest, and the costs of this suit.

### Count IV

### Tortious Interference with Business Relationships

31. Plaintiff adopts and incorporates by reference the statements above, and further states:

32. By consciously making statements that were false and defamatory with the intent to injure Plaintiff in his profession and employment, Defendant wantonly, willfully, and maliciously set out to tortiously interfere with Plaintiff's business relationships with Ruby Memorial Hospital and future employers.

33. Defendant wrongfully interfered with such business relationships and professional expectancies by inducing Ruby Memorial Hospital to take negative employment and professional action against Plaintiff.

34. These actions by Defendant were intentional and were without justification or excuse.

35. As a result of Defendant's tortious interference, Plaintiff has suffered a loss of income, and prospective income at both Ruby Memorial Hospital and future employers.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all claims so triable in this action.

### Prayer for Relief

WHEREFORE, Plaintiff, Stephen J. Balise, M.D., respectfully requests:

1. That summons and process issue as provided by law;
2. Award judgment against the Defendant;
3. Award compensatory damages in an amount in excess of $75,000.00 as provided by law and to be supported by the evidence at trial;
4. Award attorney fees, pre-judgment and post-judgment interest, and the costs of suit, as provided by law;
5. Award punitive damages in an amount to be determined at trial; and,

6. That Plaintiff be awarded such other and further relief as this Court deems just and proper.

Respectfully Submitted,

_____
Stephen J. Balise, M.D., *pro se*
268 McCullough St, Apt 3, Morgantown, WV, 26505