IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

| | | |
|---|---|---|
| **STEPHEN J. BALISE, M.D.,** | ) | CASE NO.: 1:24-cv-2 |
| | ) | |
| Plaintiff, | ) | Judge Thomas S. Kleeh |
| | ) | Magistrate Judge Michael J. Aloi |
| v. | ) | |
| | ) | |
| **BRITTANY JACKSON,** | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BRITTANY JACKSON'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant Brittany Jackson ("Defendant"), by counsel, submits this reply in support of her Motion to Dismiss the action filed by Plaintiff Stephen J. Balise ("Plaintiff"). Plaintiff's opposition[1] ignores decades of case law requiring defamation claims to be pleaded with particularity and, despite seeking leave to amend, makes little effort to address the deficiencies identified in Defendant's opening brief. For the following reasons, and for those set forth in Defendant's opening brief, the Court should grant Defendant's Motion to Dismiss and dismiss the Complaint with prejudice.

---

[1] In evaluating the arguments in Plaintiff's opposition, the Court should not provide deference to Plaintiff or liberally construe his Complaint based on his *pro se* status. Defendant has reason to believe that Plaintiff's filings in this matter have been drafted by an attorney, raising concerns about the unauthorized practice of law and contravention of L.E.O. 2010-01, titled "Ghostwriting or Undisclosed Representation: What is Permissible and What is Not Permissible," issued on November 8, 2010, by the West Virginia State Bar Lawyer Disciplinary Board. *See Lynch v. Bank of Am., N.A.*, No. 5:17-cv-01685, 2017 WL 6887056, at *2 n.6 (S.D. W. Va. Dec. 18, 2017) ("The act of ghostwriting appears to contravene L.E.O. 2010-01 as found by the West Virginia Lawyer Disciplinary Board."); *Kartman v. Markle*, No. 5:10-cv-106, 2014 WL 345295, at *2 n.1 (N.D. W. Va. Jan. 30, 2014) (directing any unidentified attorney who prepared the pleadings to "immediately comply" with L.E.O. 2010-01 and noting that "disclosure of representation [by an attorney] is required when he or she prepares any pleading or other document . . . to be filed with a court"); *see also Duran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001) ("The practice of undisclosed ghostwriting might be particularly problematic in light of the special leniency afforded pro se pleadings in the courts." (cleaned up)).

18743422

### A.     <u>Plaintiff's defamation claims fail because they are not pleaded with particularity.</u>

Plaintiff has not pleaded his defamation claims with particularity, and his attempts to dodge the pleading requirements recently articulated and applied by this Court in *Brizuela* fall short. *See* Pl.'s Opp'n Mot. Dismiss ("Resp."), Doc. No. 14, at 5–8. Plaintiff admits that the Supreme Court of Appeals of West Virginia has long required defamation claims to be pleaded with particularity. *See id.* at 6 (citing *Porter v. Mack*, 40 S.E. 459 (W. Va. 1901)).[2] He argues, without citation to any authority, that *Porter* is no longer good law because it was decided before the adoption of the West Virginia Rules of Civil Procedure. *Id.* This argument is baseless. As Defendant explained in her opening brief, courts have repeatedly applied the pleading requirements set forth in *Porter* long after the enactment of the West Virginia Rules of Civil Procedure. *See* Def.'s Mem. in Support Mot. Dismiss ("Def.'s Br."), Doc. No. 8-1, at 3–6 (citing *Brizuela v. Johnson*, No. 1:22-cv-105, 2022 WL 20112175, at *4–5 (N.D. W. Va. Dec. 22, 2022) (Aloi, M.J.), and *Kondos v. W. Va. Bd. of Regents*, 318 F. Supp. 394, 398 (S.D. W. Va. 1970)); *see also Susko v. Cox Enters., Inc.*, No. 5:07-cv-144, 2008 WL 4279673, at *3 (N.D. W. Va. Sept. 16, 2008). Plaintiff's argument that the pleading requirements set forth in *Porter* do not apply in *federal* court should likewise be dismissed out of hand. *See* Resp. at 5–6. Once again, federal courts routinely apply the standards set forth in *Porter* when analyzing defamation claims under West Virginia law. *See Kondos*, 318 F. Supp. at 398 (citing *Porter* for the proposition that defamation must be alleged with particularity under West Virginia law); *see also Brizuela*, 2022 WL 20112175, at *4 (citing *Kondos*). Finally, Plaintiff

---

[2] Plaintiff also apparently takes issue with Defendant's reference to pleading with particularity as a "heightened" pleading standard. *See* Resp. at 5. Courts routinely refer to claims that are required to be pleaded with particularity as requiring a "heightened pleading standard." *See, e.g.*, *Knotts v. Bd. of Dirs. of JW Ruby Mem'l Hosp.*, No. 1:21-cv-50, 2022 WL 18396318, at *6 (N.D. W. Va. Dec. 9, 2022) (noting that a "heightened pleading standard" is required to allege fraud because a plaintiff must plead their cause of action with "particularity").

18743422

relies on the unremarkable assertion that some West Virginia cases do not discuss the pleading requirements for a defamation claim. *See* Resp. at 5 (citing *Sprouse v. Clay Commc'n, Inc.*, 211 S.E.2d 674 (W. Va. 1975), and *Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70 (W. Va. 1983)). The cases on which Plaintiff relies had no occasion to discuss the pleading standard for defamation because they were either appeals from a trial (*Sprouse*) or from an order on summary judgment (*Crump*).

Recognizing that West Virginia federal courts routinely require defamation claims under West Virginia law to be pleaded with particularity, Plaintiff pivots. He contends that *Kondos* is inapposite because the case involved a public official. *See* Resp. at 6. But *Kondos*' holding that a plaintiff in a defamation case must plead the claim with particularity was not tied to the defendant's status. Rather, *Kondos* held that "[i]n **West Virginia** . . . the exact words charged to have been used or material caused to have been published by the defendant must be alleged with particularity," emphasizing that the West Virginia rule is consistent with "the rule generally." 318 F. Supp. at 398 (emphasis added). In sum, Plaintiff's repeated attempts to avoid the pleading requirements set forth in *Kondos*, *Brizuela*, *Susko*, and *Porter* are wholly without merit.

Applying those pleading requirements here, Plaintiff's Complaint fails to state a claim for defamation. *See* Def.'s Br. at 3–6. Plaintiff argues, however, that his Complaint differs from that of *Kondos* and *Brizuela* because, according to Plaintiff, those complaints failed to allege "*any* statement made by the respective defendants." Resp. at 7 (emphasis in original). But Plaintiff's Complaint here suffers from the same defect. Plaintiff's opposition does not point the Court to anywhere in the Complaint where he alleges the "exact" or "precise[]" *words* used by Defendant. *Kondos*, 318 F. Supp. at 398; *Brizuela*, 2022 WL 20112175, at *4; *see also Porter*, 40 S.E. at 461 (holding that "in this state the words spoken must be set out, and not their substance"). That is

3

because there are no such allegations. In direct contravention of *Porter*, Plaintiff's Complaint sets out only the "substance" of Defendant's purported statements, but not the "words spoken." *Porter*, 40 S.E. at 461; *see* Compl. ¶ 12.

Plaintiff then faults Defendant for not providing him with an appropriate number of "example[s]" as to how he should properly plead his own claims. Resp. at 8. Not only are *Kondos* and *Brizuela* abundantly clear that the "exact" and "precise" words purportedly uttered must be pleaded, the *Susko* case—which Plaintiff refers to as "[t]he only example"—likewise demonstrates the shortcomings in Plaintiff's Complaint. *Id.* In fact, *Susko* cited *Kondos* for the proposition that a plaintiff alleging defamation must plead the "exact words charged to have been used," and *Susko* held that the only statements properly pleaded in the plaintiff's complaint were those containing exact quotations from the news broadcast at issue. *See Susko*, 2008 WL 4279673, at *3 (holding that direct quotations from the news broadcast that "Susko" was conducting "goings on" that would "have your head spinning" were pleaded with particularity). The court nonetheless dismissed the Complaint because, among other reasons, the statements were "non-actionable opinions." *Id.* at *3; *see infra* at 5.

Moreover, unlike Plaintiff's Complaint here, the plaintiff in *Susko* pleaded the precise time the quoted statements were made. *Susko*, 2008 WL 4279673, at *2 (alleging that the quoted statements were made on the "six o'clock news program"). While claiming that Defendant has not provided examples of what Plaintiff must plead, Plaintiff simultaneously ignores Defendant's argument that Plaintiff must also plead the "time and circumstances" of the alleged statements. *See* Def.'s Br. at 4–5. Defendant argued in her opening brief that Plaintiff's Complaint fails to allege any specific day or time when the purported allegations were made, the specific individuals to whom they were made, or the circumstances in which they were made. *See id.* at 5. Plaintiff makes

no response to this argument or any attempt to comply with this standard, other than to say that he *cannot* satisfy these requirements. *See* Resp. at 2 (Plaintiff stating that he is not "aware" of the date of Defendant's purported statements). Similarly, Plaintiff fails to address Defendant's argument that he has not pleaded facts showing *how* the alleged statements were false, and Plaintiff does not point to any allegations in the Complaint demonstrating as much.[3] By failing to respond to Defendant's arguments, Plaintiff concedes that he has not met these pleading requirements. *See Lamb v. Comm'r of Soc. Sec.*, No. 1:18-cv-120, 2021 WL 1214508, at *5 (N.D. W. Va. Mar. 30, 2021) ("The failure to respond to arguments raised in a motion . . . can indicate that the non-moving party concedes the point . . . ." (cleaned up)); *Blankenship v. Necco, LLC*, No. 2:16-cv-12082, 2018 WL 3581092, at *9 (S.D. W. Va. July 25, 2018) (same).

In sum, Plaintiff cannot avoid the heightened pleading requirements set forth in *Kondos*, *Brizuela*, *Susko*, and *Porter*. Nor can he meet those heightened pleading requirements without pleading the exact words charged to have been used, the time and circumstances of Defendant's purported statements, and facts demonstrating how Defendant's purported statements were false. Plaintiff's failure to meet these requirements is not a mere technicality. Without knowing the precise statements purportedly made, to whom they were made, or when they were made, Defendant cannot defend herself against Plaintiff's claims. *See Eaton v. Union Pac. R.R. Co.*, No. 06-cv-465, 2007 WL 1814659, at *1 (N.D. Okla. June 20, 2007) (holding that because the complaint did not identify the statements made, who made them, or when they were made, the

---

[3] In the portion of his opposition relating to opinion statements, Plaintiff asserts, in conclusory fashion, that each defamatory allegation in Paragraph 12 of the Complaint is "false" and "can be proved false." Resp. at 10–11. What Plaintiff may or may not be able to ultimately prove does not relieve him of his burden to adequately *plead* defamation. *See Kondos*, 318 F. Supp. at 398 (requiring the plaintiff to plead "in what respect [the statements] were untrue and slanderous"); *see also Brizuela*, 2022 WL 20112175, at *5 (recommending dismissal of defamation claim because the *pro se* plaintiff did not plead "how [the statements] were false").

18743422

plaintiff did not provide "sufficient notice of the communications complained of to allow [the defendant] to defend itself"). Accordingly, this Court should dismiss Plaintiff's defamation claims.

      **B.**     **Plaintiff's defamation claims also fail because they rely upon inactionable opinion statements.**

Plaintiff's defamation claims also fail to the extent they rely on inactionable opinion statements. Defendant argued in her opening brief that three of the purported statements alleged in the Complaint are inactionable opinion statements because they are not provably false. *See* Def.'s Br. at 6–7 (citing *Hupp v. Sasser*, 490 S.E.2d 880 (W. Va. 1997)). Plaintiff never addresses this argument head-on. Rather than addressing *Hupp*, Plaintiff merely recites the elements of a defamation claim and asks the Court to rely on his own say-so that the purported statements are provably false. *See, e.g.*, Resp. at 10 (claiming, without citation to authority, that Defendant's "statement to administrators at Ruby Memorial Hospital that plaintiff is an alcoholic is false").

But as Defendant explained in her opening brief, the three statements identified depend on subjective values. *See* Def.'s Br. at 6–7. Nothing in Plaintiff's opposition says otherwise. Plaintiff does not dispute, for example, Defendant's contention that what constitutes an alcoholic to one "would necessarily not be the same for another individual." *Id.* at 6 (citing *Hupp*, 490 S.E.2d at 887). Nor does he dispute that individuals could have different opinions as to the basis of patient-care decisions or the cause of medical conditions. Because Plaintiff has cited no legal authority supporting his argument that the opinion statements identified by Defendant are actionable, the Court should dismiss Plaintiff's defamation claims.

      **C.**     **Plaintiff's tortious interference claim is likewise insufficiently pleaded.**

Plaintiff has also failed to adequately plead a tortious interference claim. Defendant argued in her opening brief that Plaintiff's Complaint asserted, without alleging any factual support, that

6

Defendant's actions were both intentional and without justification or excuse. *Id.* at 8.[4] Plaintiff's opposition does not point to any factual allegation in the Complaint that would support this legal conclusion. Indeed, despite claiming that the Complaint "allege[s] sufficient facts" to state a tortious interference claim, this section of Plaintiff's opposition does not cite to a single paragraph of the Complaint. Resp. at 11. Nor does Plaintiff respond to Defendant's argument that Plaintiff has failed to allege facts supporting the existence of a contractual or business relationship or expectancy with any employer outside of Ruby Memorial Hospital. *See* Def.'s Br. at 8. Instead, Plaintiff notes that "[w]hether defendant can prove the lack of a business relationship or the lack of a business expectancy is *not* before the Court at the motion to dismiss stage." Resp. at 12 (emphasis in original). Plaintiff's argument not only misstates the burden of proof but also ignores Plaintiff's own burden to adequately plead his claims. *See Torbett v. Wheeling Dollar Sav. & Trust Co.*, 314 S.E.2d 166, 173 (W. Va. 1983) (noting that the elements of tortious interference are "to be pled and proved by *a plaintiff*" (emphasis added)). And regardless of what may or may not later be proven, Plaintiff is still required to plead facts supporting the elements of his tortious interference claim, including facts supporting the "existence of a contractual or business relationship or expectancy." *Id.*, Syl. Pt. 2; *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (holding that legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to state a claim). Because

---

[4] Plaintiff's tortious interference claim is also insufficiently pleaded because it rests upon the same purportedly false and defamatory allegations as Plaintiff's defamation claims, which are themselves insufficiently pleaded. *See* Def.'s Br. at 7–8; *supra* at 2–6.

Plaintiff's Complaint does not allege sufficient facts, the Court should dismiss the tortious interference claim.

### D. Plaintiff's "claim" for punitive damages fails because damages are not an independent cause of action.

Plaintiff's claim for punitive damages must be dismissed because punitive damages are not an independent cause of action under West Virginia law. *See* Def.'s Br. at 8–9. Plaintiff's opposition makes no mention whatsoever of this argument or of his punitive damages claim. He therefore concedes that the punitive damages claim must be dismissed. *See Lamb*, 2021 WL 1214508, at *5; *Blankenship*, 2018 WL 3581092, at *9.

### E. Plaintiff should not be granted leave to amend because amendment would be futile.

Plaintiff's request for leave to amend should be denied because an amendment would be futile. *See Everett v. Prison Health Servs.*, 412 F. App'x 604, 606 (4th Cir. 2011) (affirming denial of motion to amend where amendment was futile). For one, many of the deficiencies in Plaintiff's Complaint cannot be cured by more particularized pleadings. For example, Plaintiff has provided no legal authority holding that he can assert a "claim" for punitive damages under West Virginia law. Nor could additional factual allegations turn nonactionable opinion statements into statements that are provably false—a pure question of law for the Court. *See Susko*, 2008 WL 4279673, at *3 (holding that whether a statement is one of fact or opinion is a legal question). When, as here, a plaintiff's legal arguments are not supported by existing case law, leave to amend should be denied. *See, e.g., Ray v. United States*, No. 3:10-cv-57, 2012 WL 6771791, at *2 (N.D. W. Va. Oct. 26, 2012) (noting that the court has discretion to deny leave to amend where a claim is "unsupported and facially untenable pursuant to the relevant law").

Even if additional factual allegations *could* save Plaintiff's claims, Plaintiff has made no showing that they would. Indeed, Plaintiff's opposition fails to address nearly all of the

8

deficiencies identified in Defendant's opening brief. Defendant's opening brief argued, among other things, that Plaintiff failed to:

- Allege the exact words purportedly said by Defendant, as opposed to the mere substance of the statements;
- Allege the precise time the purported statements were made;
- Allege the individuals to whom the purported statements were made;
- Allege the circumstances of the purported statements; and
- Allege Plaintiff's medical condition that Defendant purportedly claimed was caused by alcohol abuse.

*See* Def.'s Br. at 3–6. Despite Defendant's arguments, Plaintiff's opposition *still* does not provide a single quotation from Defendant, instead merely repeating the substance of the purported statements. *See, e.g.*, Resp. at 2–3, 8. This is plainly insufficient under *Porter*. *See Porter*, 40 S.E. at 461 (holding that "the words spoken must be set out, and not their substance"). Nor does Plaintiff make any attempt to state the precise time the purported statements were made, the individuals to whom they were said, or the circumstances thereof. To the contrary, Plaintiff's opposition makes clear that he cannot plead such facts even if provided opportunity to amend. *See* Resp. at 2 (Plaintiff admitting that he is not "aware of the precise date" of the purported statements). Plaintiff's opposition also fails to identify his medical condition that Defendant purportedly alleged was caused by alcohol abuse, despite an opportunity to do so. And while Plaintiff's opposition is alternatively titled as a "Motion for Leave to Amend," Plaintiff has never filed a proposed amended pleading. *See* LR Civ. P. 15.01 (stating that a party seeking leave of court to file an amended pleading must "attach . . . a signed copy of the proposed amended pleading"). Because Plaintiff's own brief indicates that amendment would be futile, the Court should dismiss his Complaint with prejudice.

For the foregoing reasons, and for the reasons set forth in Defendant's opening brief, the Court should grant Defendant's Motion to Dismiss and enter an order dismissing the Complaint and the entire action with prejudice.

*/s/ Emily M. Rector*
Crystal Bombard-Cutright, Esq. (WV Bar # 11631)
Emily M. Rector, Esq. (WV Bar # 13675)
Steptoe & Johnson PLLC
1000 Swiss Pine Way, Suite 200
P.O. Box 1616
Morgantown, WV 26507-1616
cris.cutright@steptoe-johnson.com
emily.rector@steptoe-johnson.com
Phone: 304-598-8000
*Counsel for Defendant, Brittany Jackson*

18743422

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

| | | |
|---|---|---|
| STEPHEN J. BALISE, M.D., | ) | CASE NO.: 1:24-cv-2 |
| | ) | |
| Plaintiff, | ) | Judge Thomas S. Kleeh |
| | ) | Magistrate Judge Michael J. Aloi |
| v. | ) | |
| | ) | |
| BRITTANY JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2024, I electronically filed the foregoing ***"DEFENDANT BRITTANY JACKSON'S REPLY IN SUPPORT OF MOTION TO DISMISS"*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Plaintiff, provided he is a CM/ECF participant. In addition, I have mailed complete copies of this filing to Plaintiff via First Class U.S. Mail:

Stephen J. Balise, M.D., *pro se*
268 McCullough St., Apt. 3
Morgantown, West Virginia, 26505

/s/ Emily M. Rector
Crystal Bombard-Cutright, Esq. (WV Bar #11631)
Emily M. Rector, Esq. (WV Bar # 13675)
Steptoe & Johnson PLLC
1000 Swiss Pine Way, Suite 200
P.O. Box 1616
Morgantown, WV 26507-1616
Phone: 304-598-8000
*Counsel for Defendant, Brittany Jackson*