```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**STEPHEN J. BALISE, M.D.,**

    **Plaintiff,**

  v.                                  Civil Action No. 1:24-cv-2

**BRITTANY JACKSON,**

    **Defendant.**

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [ECF NO. 8]**

Pending before the Court is *Defendant Brittany Jackson's Motion to Dismiss* [ECF No. 8]. For the reasons stated herein, Defendant Brittany Jackson's Motion [ECF No. 8] is **DENIED IN PART** and **GRANTED IN PART**.

## I.  PROCEDURAL HISTORY

On August 15, 2023, Plaintiff Stephen J. Balise, M.D. filed a pro se Complaint[1] against Defendant Brittany Jackson in the Circuit Court of Monongalia County, West Virginia. ECF No. 1. Service was effectuated upon Defendant on December 15, 2023, and Defendant removed this action to this Court on January 3, 2024. Id. The Complaint alleges (1) Defamation, Libel, and Slander; (2) Defamation Per Se, Libel, and Slander; (3) Defamation Punitive Damages; and (4) Tortious Interference with Business

---

[1] Based upon the averments of Plaintiff [ECF No. 57] and other reasons appearing to the Court, the Court declines to provide deference or liberally construe Plaintiff's Complaint based upon Plaintiff's purported pro se status.

Relationships. ECF No. 1-1, Compl.

On January 8, 2024, Defendant Brittany Jackson moved to dismiss Plaintiff's Complaint. ECF No. 8. Plaintiff responded in opposition on January 25, 2024 [ECF No. 14] and Defendant replied in support of her Motion on January 29, 2024 [ECF No. 15]. The Motion to Dismiss [ECF No. 8] is thus fully briefed and ripe for review.

## II.   FACTUAL ALLEGATIONS

Plaintiff Stephen Balise, M.D. ("Plaintiff" or "Balise") is a physician licensed to practice medicine in West Virginia. ECF No. 1-1, Compl. at ¶ 6. The events giving rise to the subject lawsuit allegedly occurred in 2022, during Plaintiff's final year of surgical residency at West Virginia University. Id.

In 2022, Plaintiff engaged in a consensual romantic relationship with Defendant Brittany Jackson ("Defendant" or "Jackson"), a registered nurse at Ruby Memorial Hospital. Id. at ¶¶ 7-8. Plaintiff claims that he ended his relationship with Defendant in March 2022, and began a new relationship shortly thereafter. Id. at ¶ 9.

According to Plaintiff, Defendant contacted Ruby Memorial Hospital in August 2022 and made false reports to administrators regarding Plaintiff. Id. at ¶ 11. Specifically, Plaintiff claims that Defendant falsely alleged that (1) Plaintiff is an alcoholic; (2) a previous medical condition during Plaintiff's

2

residency was caused by alcohol abuse; (3) Plaintiff was treated for alcohol withdrawal with Benzodiazepines; (4) hospital residents, Dr. Ballou and Dr. Ringer, removed alcohol from Plaintiff's apartment more than once; (5) Plaintiff made patient care decisions based on Defendant's work assignments; and (6) Plaintiff encouraged Defendant to get tested for a sexually transmitted disease after their relationship ended. Id. at ¶ 12. Defendant allegedly made these false statements, two weeks after Plaintiff got engaged, to injure Plaintiff's employment and profession. Id.; Id. at ¶ 15.

Approximately two weeks after making the reports to hospital administration, Defendant voluntarily ended her employment with Ruby Memorial Hospital and moved to Florida. Id. at ¶ 16. Plaintiff learned of Defendant's reports on August 16, 2023. Id. at ¶ 19. Due to the allegedly false and defamatory statements, Ruby Memorial Hospital terminated Plaintiff's privileges and West Virginia University terminated Plaintiff's employment. Id. at ¶ 21. Plaintiff further claims that Defendant's conduct hurt Plaintiff's professional relationship with West Virginia University and future employers. Id. at ¶¶ 31-35.

### III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a

Complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the Complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(6)(b) tests the "legal sufficiency of a Complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A court should dismiss a Complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555. A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

4

## IV. DISCUSSION

For the following reasons, Defendant's Motion to Dismiss [ECF No. 8] is **DENIED** as to Plaintiff's claims for defamation (Count 1), *per se* defamation (Count 3), and tortious interference with business relationships (Count 4). Defendant's Motion to Dismiss [ECF No. 8] is **GRANTED** as to Plaintiff's claim for defamation punitive damages (Count 3).

**A. Count 1: Defamation, Libel, and Slander**

Defendant's Motion to Dismiss as to Count 1 is denied. Under West Virginia law, defamation requires a showing of the following elements: "(1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." Spears v. Cable News Network, CNN, 2019 WL 3752921, at *2 (N.D.W. Va. Aug. 8, 2019) (quoting Butts v. Royal Vendors, Inc., 504 S.E.2d 911, 916 (W. Va. 1998); Syl. Pt. 1, Crump v. Beckley Newspapers, Inc., 320 S.E.2d 70 (W. Va. 1983)). Slander is "[a] false . . . oral statement that damages another's reputation." Pritt v. Republican Nat. Comm., 557 S.E.2d 853, 861 n.12 (W. Va. 2001) (quoting Black's Law Dictionary (7th ed. 1999)). "A statement is defamatory 'if it tends so to harm the reputation of another as to lower him in the estimation of the: community or to deter third persons from associating or dealing with him.'" Susko v.

5

Cox Enterprises, Inc., 2008 WL 4279673, at *2 (N.D.W. Va. Sept. 16, 2008) (quoting Belcher v. Wal-Mart Stores, Inc., 568 S.E.2d 19, 27 (W. Va. 2002)).

"A court must decide initially whether as a matter of law the challenged statements in a defamation action are capable of a defamatory meaning." Syl. Pt. 6, Long v. Egnor, 346 S.E.2d 778, 780 (W.Va. 1986). See Blankenship v. Trump, 558 F. Supp. 3d 316, 327 (S.D.W. Va. 2021). As such, the Court must initially determine whether a "statement is one of fact or opinion," because a "statement of opinion which does not contain a provably false assertion of fact is entitled to full constitutional protection." Ballengee v. CBS Broad., Inc., 331 F. Supp. 3d 533, 545 (S.D.W. Va. 2018), aff'd, 968 F.3d 344 (4th Cir. 2020) (quoting Pritt, 210 W.Va. at 557); Syl. Pt. 4, Maynard v. Daily Gazette Co., 447 S.E.2d 293 (W. Va. 1994). See Hupp v. Sasser, 490 S.E.2d 880, 887 (W. Va. 1997) (finding defendant's opinion that plaintiff was a "bully" is not provably false and is totally subjective); Giles v. Kanawha Cnty. Bd. of Educ., 2018 WL 300605, at *4 (W. Va. Jan. 5, 2018) (finding respondent's "feelings and opinions regarding his own judgment about petitioner, do not include provably false assertions of fact, are protected under the First Amendment, and cannot form the basis of a defamation claim.").

Furthermore, "[u]nder West Virginia law, 'for a cause of

6

action for libel and slander to be correctly pleaded, the exact words charged to have been used or material caused to have been published by the defendant must be alleged with particularity.'" Susko, 2008 WL 4279673, at *3 (quoting Kondos v. West Virginia Board of Regents, 318 F.Supp. 394, 398 (S.D.W. Va. 1970). See John James, Inc. v. Hamberger N. Am., LLC, 2013 WL 3990793, at *7 (N.D.W. Va. Aug. 2, 2013). To succeed on a defamation claim in West Virginia, the exact words "spoken must be set out, and not their substance." Porter v. Mack, 40 S.E. 459, 461 (W. Va. 1901) (distinguishing West Virginia from states which do not require a party to plead the exact words spoken in a slander claim).

Defendant first argues that the defamation claims fail because the claims are not pleaded with particularity and do not allege the exact words used, the time and circumstances of the alleged defamation, or how the purported statements were false. ECF No. 8-1 at pp. 3-4. Second, Defendant claims that the alleged statements are constitutionally protected opinions. Id. at pp. 6-7. Plaintiff disagrees and argues that his pleadings are sufficient and that the specific defamatory statements were pled in paragraph 12 of the Complaint. ECF No. 14 at pp. 7-8. Furthermore, Plaintiff contends each of the six statements are provably false and thus are not protected opinions. Id. at pp. 10-11.

7

The Court first addresses whether any of the alleged statements are constitutionally protected opinions. The first four comments relate to Plaintiff's alleged alcoholism. The Restatement (Second) of Tort has addressed this issue in a very similar hypothetical situation. "statements of belief are defamatory if they imply the existence of defamatory facts that are not disclosed to the listener ... for example, the statement 'I think he must be an alcoholic' is actionable because a jury might find that it implied that the speaker knew undisclosed facts justifying his opinion." Restatement (Second) of Torts § 566 (1977). However, providing additional information behind such a statement can remove the implication of unknown defamatory facts, rendering the statement an opinion. Milkovich v. Lorain J. Co., 497 U.S. 1, 27 (1990) (discussing Restatement (Second) of Torts § 566).

Restatement (Second) of Torts § 566 provides the following hypotheticals:

> 3. A writes to B about his neighbor C: "I think he must be an alcoholic." A jury might find that this was not just an expression of opinion but that it implied that A knew undisclosed facts that would justify this opinion.
>
> 4. A writes to B about his neighbor C: "He moved in six months ago. He works downtown, and I have seen him during that time only twice, in his backyard around 5:30 seated in a deck chair with a portable radio listening to a news broadcast, and with a drink in his

8

>>hand. I think he must be an alcoholic." The statement indicates the facts on which the expression of opinion was based and does not imply others. These facts are not defamatory and A is not liable for defamation.

"The degree to which such kinds of statements have real factual content can, of course, vary greatly. We believe, in consequence, that courts should analyze the totality of the circumstances in which the statements are made to decide whether they merit the absolute First Amendment protection enjoyed by opinion." Ollman v. Evans, 750 F.2d 970, 978–79 (D.C. Cir. 1984).

Here, a developed factual record would be necessary to consider the totality of the circumstances of whether the alcoholism statements were facts or opinions. On one hand, the statements — a previous medical condition during Plaintiff's residency was caused by alcohol abuse; Plaintiff was treated for alcohol withdrawal with Benzodiazepines; and hospital residents, Dr. Ballou and Dr. Ringer, removed alcohol from Plaintiff's apartment more than once — could be considered evidence that it was Defendant's opinion that Plaintiff was an alcoholic. However, this would assume that alleged statements two through four were true. Plaintiff pleads that such statements are false. ECF No. 1-1, Compl. at ¶ 12. Viewing the Complaint in the light most favorable to the Plaintiff, the Court cannot find, at this stage of litigation, that statements one though four relating to

9

Plaintiff's alleged alcoholism are opinions.

As for statements five and six, the Court finds that such statements are not opinions because they are provably false. Whether Plaintiff made patient care decisions based on Defendant's work assignments or encouraged Defendant to get STI (sexually transmitted infection) testing are statements of fact which either did or did not happen. Thus, at the pleading stage, they can serve as the basis of a defamation claim. Discovery is accordingly necessary to prove falsity or the lack thereof.

Second, the Court addresses Defendant's exact words and particularity pleading argument. The Court agrees that a defamation claim in West Virginia requires the exact words spoken or published to be pleaded. See Susko, 2008 WL 4279673, at *3. Here, Plaintiff alleges that statements one through six were the specific statements made by Defendant to the hospital administrators. ECF No. 1-1, Compl. at ¶ 12; ECF No. 14 at p. 7 (referencing "specific statements contained in Complaint at ¶ 12"). Furthermore, Plaintiff's Complaint provides sufficient facts regarding the timing and publication of the alleged defamatory comments to survive dismissal at the 12(b)(6) stage. Plaintiff alleges that the six statements were made to Ruby Memorial Hospital administrators in the beginning of August 2022. ECF No. 1-1, Compl. at ¶ 11. Thus, assuming at the pleading stage that the six statements pled were the exact words

used by Defendant when speaking with hospital administrators, Defendant's Motion to Dismiss [ECF No. 8] as to Count 1 is **DENIED**.

### B. Count 2: Per Se Defamation, Libel, and Slander

Defendant's Motion to Dismiss [ECF No. 8] as to *per se* defamation is denied for the same reasons as the defamation claim. "Under the general rule, a statement is defamatory *per se* if its defamatory meaning is readily apparent on its face, or if the statement falls into one of the traditional slander *per se* categories." Workman v. Kroger Ltd. P'ship I, 2007 WL 2984698, at *5 (S.D.W. Va. Oct. 11, 2007). "[D]efamation *per se* includes only imputations of a crime of moral turpitude, imputations of a loathsome disease, imputations of sexual misconduct by a woman, and imputations which affect a business, trade, profession or office." Cruse v. Frabrizio, 2014 WL 3045412, at *3 (S.D.W. Va. July 2, 2014). Where the statements are defamation *per se*, damages are presumed. Milan v. Long, 88 S.E. 618, 620 (W. Va. 1916).

Plaintiff argues that the alleged statements are defamatory on their face and also affected his profession. ECF No. 14 at p. 10. The Court agrees. Alleged statements one through five qualify as defamation *per se* because they affect his profession as a doctor and ability to practice medicine. Alleged statement six is also defamation *per se* because it implicates "a loathsome

11

disease" and that Plaintiff gave Defendant a STI. Accordingly, viewing the Complaint in the light most favorable to the Plaintiff, the alleged statements constitute defamation *per se* and Defendant's Motion as to Count Two is **DENIED**.

### C. Count 3: Defamation Punitive Damages

Defendant's Motion to Dismiss is granted as to the independent claim for punitive damages. Plaintiff's claim for punitive damages fails as a matter of law because "under West Virginia law, a separate cause of action for punitive damages does not exist." Slampak v. Nationwide Ins. Co. of Am., 2019 WL 3304814, at *4 (N.D.W. Va. July 23, 2019). See Cook v. Heck's Inc., 342 S.E.2d 453, 461 n.3 (W. Va. 1986); Miller v. Carelink Health Plans, Inc., 82 F. Supp. 2d 574, 579 n.6 (W. Va. 2000) ("West Virginia law does not recognize an independent cause of action for punitive damages."). A "claim for punitive damages also fails because punitive damages are a form of relief rather than an independent claim." Kerns v. Range Res.-Appalachia, LLC, 2011 WL 197908, at *7 (N.D.W. Va. Jan. 18, 2011). Because Plaintiff is prohibited from asserting an independent claim for punitive damages under West Virginia law, Defendant's Motion

[ECF No. 8] as it pertains to Count Three is **GRANTED** and Count Three of Plaintiff's Complaint is **DISMISSED**.[2]

### D. Count 4: Tortious Interference with Business Relationships

Defendant's Motion to Dismiss is denied as to Plaintiff's claim for tortious interference with a business relationship. The Supreme Court of Appeals of West Virginia has held that "[t]o establish prima facie proof of tortious interference, a plaintiff must show: (1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." Syl. Pt. 2, Torbett v. Wheeling Dollar Sav. & Trust Co., 314 S.E.2d 166 (W. Va. 1983).

Defendant argues Plaintiff fails to state a claim for relief because the claim relies upon the alleged defamatory statements, which Defendant argued were insufficiently pleaded. ECF No. 8-1 at p. 7. Furthermore, Defendant claims that Plaintiff did not plead sufficient supporting facts – namely regarding the business relationship or expectancy element. Id. at p. 8. In contrast, Plaintiff contends he had a prior and expected business relationship with West Virginia University and Ruby Memorial Hospital, that Defendant's intentionally made

---

[2] The Court notes that Plaintiff is not be prohibited from pursuing punitive damages as an additional potential remedy for the pleaded intentional tort claims.

13

false statements to hospital administrators to interfere with these business relationships, Plaintiff lost his hospital privileges, and his employment was terminated following Defendant's purported statements. ECF No. 14 at pp. 11-12.

Here, the Court finds that Plaintiff's claim for tortious interference is adequately pleaded. Assuming at this stage that Defendant made the claimed statements to hospital administrators and such statements were false, Plaintiff's Complaint properly alleges that his business relationships were resultingly negatively impacted. Thus, Defendant's Motion to Dismiss [ECF No. 8] as to Count Four is **DENIED**.

## V.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [ECF No. 8] is **DENIED** as to Plaintiff's claims for defamation (Count 1), *per se* defamation (Count 3), and tortious interference with business relationships (Count 4). Defendant's Motion to Dismiss [ECF No. 8] is **GRANTED** as to Plaintiff's claim for defamation punitive damages (Count 3). Accordingly, Plaintiff's Complaint [ECF No. 1-1] as to Count 3 is **DISMISSED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record by the CM/ECF system.

**DATED:**   September 18, 2024

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA