IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| **STEPHEN J. BALISE, M.D.,**<br><br>**Plaintiff**,<br><br>v.<br><br>**BRITTANY JACKSON,**<br><br>**Defendant**. | CIVIL ACTION NO.: 1:24-CV-2<br>(JUDGE KLEEH) |

### ORDER GRANTING PLAINTIFF'S MOTION [ECF NO. 84] TO CONTINUE AND DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER [ECF NO. 90]

This matter is before the undersigned United States Magistrate Judge pursuant to Referral Orders [ECF No. 93, 101] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge. Pursuant to the Referral Orders, Judge Kleeh referred to the undersigned United States Magistrate Judge, for hearing and disposition, two pending motions: (1) Plaintiff's motion [ECF No. 84] to continue certain pending dates and deadlines herein, including the trial date, and (2) Defendant's motion for protective order [ECF No. 90], seeking to avoid a deposition taken by Plaintiff herein.

As to the two referred motions, the Court is in receipt of Defendant's response [ECF No. 91] in opposition to Plaintiff's motion to continue, and Plaintiff's response [ECF No. 105] in opposition to Defendant's motion for a protective order. The undersigned convened the matter for a hearing on the two motions on October 17, 2024, by videoconference, at which appeared counsel for the parties.

By his motion to continue [ECF No. 84], Plaintiff details certain difficulties in engaging in discovery, and achieving other litigation milestones, within the timeframes set forth in the current Scheduling Order. In support of his motion, Plaintiff points out that his counsel appeared herein

only approximately four months ago. Plaintiff also states that he has diligently pursued production of relevant documents via service of subpoenas on third parties, but has yet to obtain all responsive information. Apparently, much of that information is in digital format, and the searches of digital materials are taking longer than hoped. And Plaintiff states that his counsel has been attempting to schedule Defendant's deposition, but has not been successful in doing so with opposing counsel.

By her own motion for protective order [ECF No. 90] and in her response [ECF No. 105] in opposition to Plaintiff's motion to continue, Defendant states that all pertinent discovery has been completed herein, and nothing is to be gained by having her sit for a deposition or in elongating the scheduling of this matter.

The undersigned is persuaded by Plaintiff's arguments, insofar as Plaintiff's counsel has identified issues which involve somewhat laborious discovery processes. And the point is well-taken that Plaintiff's counsel has not been associated with the matter for long. In the hearing before the undersigned, Plaintiff's counsel also identified points of disagreement – or at least discrepancy – concerning the information given by Defendant in written discovery responses, and information which appears otherwise in the record. While Defendant vigorously challenges that nothing about her conduct caused the harm which Plaintiff alleges, that is not a matter for the undersigned to settle. Rather, it appears only that further discovery should be had. To this end, Plaintiff should have the opportunity to depose Defendant. And Plaintiff also should have the opportunity to tease out other written discovery from third parties which he currently is pursuing.

During the hearing before the undersigned, Plaintiff's counsel stated that a continuance of all dates and deadlines – including the discovery cutoff – of approximately six months would be reasonable. Defendant opposed any continuance, of course, but stated that, if a continuance were granted, a six-month continuance would not be unreasonable.

Accordingly, then, Plaintiff's motion [ECF No. 84] to continue dates and deadlines herein, including the discovery deadline, is **GRANTED**. It is so **ORDERED**. A subsequent Amended Scheduling Order will be entered by the presiding District Judge, setting forth the new dates and deadlines. Additionally, the parties are advised that this Amended Scheduling Order will include rescheduled dates for responses to dispositive motions and/or supplementations to dispositive motions. Relatedly, Defendant's motion [ECF No. 90] for entry of a protective order is hereby **DENIED**. It is so **ORDERED**.

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to any parties who appear *pro se* by certified mail, return receipt requested, and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: October 22, 2024.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

3