IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

STEPHEN J. BALISE, M.D.,

**Plaintiff**,

v.

BRITTANY JACKSON,

**Defendant**.

CIVIL ACTION NO.: 1:24-CV-2
(JUDGE KLEEH)

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY [ECF NO. 119]

### AND

### ORDER GRANTING DEFENDANT'S MOTION TO INCLUDE EXPERT DISCLOSURE DEADLINES IN SCHEDULING ORDER [ECF NO. 133]

This matter is before the undersigned United States Magistrate Judge pursuant to a Referral Order [ECF No. 120] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge, on April 8, 2025. By that Referral Order, Chief Judge Kleeh referred to the undersigned, for hearing and entry of an order, Plaintiff's motion [ECF No. 119] to compel discovery, amend the scheduling order, and for sanctions, filed on April 4, 2025. The Court is in receipt of Defendant's response [ECF No. 123] in opposition to the motion, filed on April 10, 2025. On April 11, 2025, the undersigned convened a Status Conference concerning the referred motion, by videoconference, at which appeared respective counsel for the parties. The undersigned convened another such Status Conference on April 17, 2025.

Resulting from those two Status Conferences, counsel for the parties have indicated that they have reached agreement as to most or all issues raised by Plaintiff's motion [ECF No. 119], but are in disagreement as to the issues presented in Defendant's later-filed motion [ECF No. 133].

1

Defendant's motion [ECF No. 133], filed on April 18, 2025, concerns the inclusion of expert disclosure deadlines in a forthcoming Second Amended Scheduling Order. By Referral Order [ECF No. 134] of April 18, 2025, Judge Kleeh has referred that motion to the undersigned for entry of an order of disposition. [ECF No. 134]. The Court also is in receipt of Plaintiff's response [ECF No. 137] in opposition, filed on April 25, 2025.

As for Plaintiff's motion [ECF No. 119], the undersigned had discussions with counsel, during both Status Conferences, about how Plaintiff is pursuing two other related civil actions in addition to the instant matter. Those other actions are pending in respective state courts in Virginia and West Virginia. The undersigned obviously cannot enter an order with respect to those other cases. Nonetheless, to the extent Defendant's deposition is sought in those other matters, there was discussion about how there may be efficiencies in coordinating it to occur during a single session.

Accordingly, Plaintiff's motion [ECF No. 119] is hereby **GRANTED in part** and **DENIED in part** as more particularly set forth herein. Specifically, it is **ORDERED** that the motion is **GRANTED in part**, as to Plaintiff's request for the deposition of Defendant and request for the entry of a Second Amended Scheduling Order, **DENIED AS MOOT** as to Plaintiff's request for Defendant to provide certain responses to discovery requests, and **DENIED** as to Plaintiff's request for sanctions.

Further, it is **ORDERED** that Plaintiff shall appear for his in-person deposition at Slavey & Shumaker PLLC, at 174 Chancery Row, Morgantown, West Virginia on June 10, 2025. It is **ORDERED** that Defendant shall appear for her in-person/video deposition at Steptoe & Johnson PLLC, at 41 South High Street, Suite 2200, Columbus, Ohio on June 27, 2025. It is **ORDERED** that the parties shall give immediate notice of both Plaintiff and Defendant's depositions to all defendants in Plaintiff's above-noted state court actions in Virginia and West Virginia and, if such defendants

agree to cross-notice said depositions in the Plaintiff's state court actions, allow such defendants to examine the witnesses in said depositions for use in those actions. It is the undersigned's strong preference and directive that Defendant should be subjected only to one deposition with regarding her involvement in the allegations in the instant case and the respective state court actions.

Additionally, it is **ORDERED** that the request to continue the discovery deadlines and amend the currently-operable Scheduling Order [ECF No. 108] of October 23, 2024 is hereby **GRANTED**, with agreed-upon dates reflected below.

Turning to Defendant's motion [ECF No. 133] to include expert disclosure deadlines in a forthcoming Second Amended Scheduling Order, Defendant seeks to utilize an expert(s) if needed for rebuttal purposes, to counter an anticipated argument that Defendant (and not third parties) is entirely responsible for all (not part) of Plaintiff's claimed damages. Plaintiff opposes Defendant's motion as prejudicial, insofar as it comes at this later stage of the litigation. Nonetheless, Defendant's proposed dates for expert disclosures can be reasonably included within the revised schedule set forth below. Thus, for the reasons stated in Defendant's motion [ECF No. 133], it is hereby **GRANTED**. It is so **ORDERED**.

Resulting from the disposition of the motions herein, a Second Amended Scheduling Order will issue from the presiding District Judge, setting forth new dates and deadlines as follows:

- Plaintiff's Final Expert Witness Disclosure – May 15, 2025
- Defendant's Final Expert Witness Disclosure – July 15, 2025
- Discovery Conclusion – August 15, 2025
- Mediation – September 2, 2025
- Dispositive Motions – September 15, 2025

- All other dates and deadlines in the Scheduling Order [ECF No. 108] of October 23, 2024 shall remain the same.

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to any parties who appear *pro se* by certified mail, return receipt requested, and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: April 25, 2025.**

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE